99 F.3d 1146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kimberlie Joseph KYLES, Plaintiff-Appellant,
v.
Larry ERICKSON, Handley, Sgt.; Lake, CCO; Smith, Ex CCO;
Hill, Captain; Grumbly, Detective, Defendants-Appellees.
 No. 95-35337.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 18, 1996.
Decided Oct. 17, 1996.
 
 Before: WRIGHT, SCHROEDER, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Kimberlie Kyles' § 1983 complaint arose out of a body-cavity search performed at the Spokane County Jail following her arrest on an outstanding traffic warrant during the felony drug arrest of her then-fiance and now husband. Detective Grumbly, the lead officer on the arrest, requested that Kyles be strip searched upon booking, but was not present at the jail when the search was performed. Only Kyles' claim against Grumbly is before us. The district court granted Detective Grumbly summary judgment on qualified immunity grounds. We affirm.
 
 
 3
 Kyles claims the Washington statutes governing strip searches, Rev.Code Wash. ("RCW") §§ 10.79.130(1)(a), 10.79.140, create a liberty interest protected by the Due Process Clause of the Fourteenth Amendment. We may assume without deciding that the Washington statutes create such an interest, as Kyles has suffered no violation of any right created by the Washington statutes.
 
 
 4
 The statutes provide that an arrestee entering jail for a nonviolent, non-drug offense may be strip searched, but only upon an individualized determination of reasonable suspicion that the arrestee is concealing weapons, criminal evidence, or contraband, that constitutes a threat to jail security. RCW §§ 10.79.130(1)(a), 10.79.140(1). Such searches must have the prior written approval of the jail unit supervisor on duty. § 10.79.140(2). That officer must herself possess "a reasonable suspicion that the individual arrestee is carrying or concealing contraband." Act Up!/Portland v. Bagley, 988 F.2d 868, 872 (9th Cir.1993) (required by Fourth Amendment) (quoting Giles v. Ackerman, 746 F.2d 614, 617 (9th Cir.1984)).
 
 
 5
 Kyles does not dispute that Detective Grumbly possessed reasonable suspicion that Kyles was concealing drugs, based on the circumstances surrounding her arrest. These included Officer Saunders' observation of Kyles' furtive movements in the car, moving low in the seat and squirming as if to hide something. Kyles argues, however, that Detective Grumbly violated her rights by failing to communicate to the jail officers the circumstances giving rise to reasonable suspicion. Kyles lays heavy emphasis on Grumbly's admission that he told Officer Reisenauer only that he wanted Kyles strip searched, nothing more, and argues that Reisenauer transported Kyles to the jail thinking Kyles had been arrested on drug charges, unaware that her arrest had actually been on a traffic warrant. Kyles claims Reisenauer's misinformation led to jail authorities being under the misapprehension that Kyles herself had been arrested for drugs.
 
 
 6
 The record is clear, however, that Sgt. Handley, the jail supervisor who authorized Kyles' strip search, was aware of the circumstances surrounding Kyles' arrest. Sgt. Handley testified she knew Kyles was not arrested on drug charges, but on other charges during the felony drug arrest of another. She also testified that an arrest on drug charges was not prerequisite to a strip search; rather, she would order a strip search if someone had been arrested on any charge and there was a suspicion they might bring contraband into the jail. Neither RCW § 10.79 nor Giles requires that an arrestee be arrested on drug charges to justify a strip search; only a reasonable suspicion that the arrestee is concealing contraband is required.
 
 
 7
 Furthermore, the record shows that Saunders, not Reisenauer, transported Kyles to the jail. When Saunders arrived at the jail with Kyles, he told jail authorities of the reasons for his suspicion that Kyles was carrying drugs, and those facts were communicated to Sgt. Handley, who ordered the search. Thus, whether or not Grumbly adequately communicated the basis for his suspicion, Sgt. Handley independently had reasonable suspicion to believe Kyles was concealing drugs, based on the facts communicated by Officer Saunders. The body cavity search was therefore lawful and reasonable. RCW §§ 10.79.130(1)(a), 10.79.140; Fuller v. M.G. Jewelry, 950 F.2d 1437, 1447 (9th Cir.1991).
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit R. 36-3